**NOT FOR PUBLICATION**

           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY


                                    :
ADRIANA CUARTAS,                    :
                                    :   Civil Action No. 13-6180(DRD)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
                                    :


**APPEARANCES:**

Adriana Cuartas
Danbury FCI
Route 37
Danbury, CT  06811
    Petitioner <u>pro</u> <u>se</u>

Dennis C. Carletta
U.S. Attorney's Office
970 Broad Street
Suite 700
Newark, NJ  07102
    Counsel for Respondent


**DEBEVOISE**, Senior District Judge

Petitioner Adriana Cuartas, a prisoner currently confined at Danbury Federal Correctional Institution at Danbury, Connecticut, has filed this Motion [1] to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, (the "Petition")

challenging her sentence of 120 months' imprisonment. For the reasons stated herein, the Petition shall be dismissed for lack of jurisdiction. In the alternative, to the extent the Petition could be construed as a motion under 18 U.S.C. § 3582(c), to modify Petitioner's sentence, it will be denied.

I. BACKGROUND

Pursuant to a jury verdict, Petitioner was found guilty of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, as a result of which this Court sentenced her to the statutory minimum term of 120 months' imprisonment, to be followed by a term of supervised release. See United States v. Cuartas, Criminal No. 04-0609 (D.N.J.) (Judgment, Docket Entry No. 68). The Court of Appeals for the Third Circuit affirmed, finding no non-frivolous issues for appeal after Petitioner's counsel filed an Anders[1] brief. See U.S. v. Cuartas, 283 F.App'x 969 (2008). In its Opinion, the Court of Appeals specifically addressed the matter of drug quantity, as it impacted the sentence.

> ... The jury reached a guilty verdict and affirmatively answered a special interrogatory regarding whether the government had proved that the conspiracy involved one kilogram or more of heroin. ... The District Court then ... imposed a non-

---

[1] See Anders v. California, 386 U.S. 738 (1967) (holding that appellate counsel who finds case to be wholly frivolous should so advise the court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support an appeal).

2

> Guidelines sentence of 120 months imprisonment, the
> statutory mandatory minimum for her offense.
>
> Finally, we note that the jury expressly found
> that the conspiracy involved one kilogram or more of
> heroin, and thus Cuartas was subject to a ten-year
> mandatory minimum sentence. See 21 U.S.C.
> § 841(b)(1)(A). Because Cuartas received the lowest
> possible sentence, no non-frivolous issues could be
> raised on appeal with respect to her sentence.

U.S. v. Cuartas, 283 F.App'x at 972-73.[2]

On or about July 14, 2008, Petitioner filed her first motion pursuant to § 2255 to vacate, set aside, or correct sentence. See Cuartas v. United States, Civil No. 08-3487 (D.N.J.). There, Petitioner asserted that she was entitled to relief based upon ineffective assistance of trial counsel, in connection with jury selection and sentencing, and of appellate counsel, for failing to argue that her statements to police should have been suppressed. This Court dismissed that motion without an evidentiary hearing and declined to issue a certificate of appealability. See Cuartas v. U.S., Civil No. 08-3487, 2008 WL 4890762 (D.N.J. Nov. 13, 2008). The Court of

---

[2] In addition, the Jury Verdict Sheet specifically required that the United States prove the drug quantity beyond a reasonable doubt.

> 2. Did the United States prove beyond a reasonable
> doubt that the conspiracy involved 1 kilogram or more
> of a mixture or substance containing a detectable
> amount of heroin?
>
> YES   X    NO  _____

(Jury Verdict Sheet, Docket Entry No. 62.)

Appeals also declined to issue a certificate of appealability. See Cuartas v. U.S., Civil No. 08-3487, (Order, Docket Entry No. 12) (Appeal No. 09-1208)).

In this most recent Petition, filed October 15, 2013, Petitioner seeks relief based upon the decisions of the U.S. Supreme Court in Alleyne v. United States, 133 S.Ct. 2151 (2013), and Pepper v. United States, 131 S.Ct. 1229 (2011). In Alleyne, the Supreme Court held that any fact (other than a prior conviction) that increases the mandatory minimum sentence for a crime is an "element" of the crime that must, under the Sixth Amendment, be submitted to the jury and found beyond a reasonable doubt. In Pepper, the Supreme Court held that, if a sentence has been set aside on appeal, the district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation in support of a downward variance from the U.S. Sentencing Guidelines range. It appears, then, that Petitioner is challenging her sentence under Alleyne and seeking, on resentencing, consideration of alleged post-sentencing rehabilitation, in accordance with Pepper.

After Petitioner filed this pro se Petition and supporting documentation, her previously-appointed counsel submitted a Letter [2] to the Court, opining that the sentence complied with Alleyne and that Petitioner has stated no grounds for relief. In response, Petitioner submitted a Letter [3] advising the

4

Court that her previously-appointed counsel no longer represents here and that this Court should consider her Petition as a motion under 18 U.S.C. § 3582, to modify her sentence, if § 2255 is not appropriate. Respondent has answered the Petition, and this matter is now ready for decision.

## II. ANALYSIS

### A. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). See generally U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013) (detailing the legislative history of § 2255).

Section 2255 gives a district court some discretion whether to hold an evidentiary hearing on a § 2255 motion. See Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989), cited in U.S. v. Carter, 477 F.App'x 875, 876 (3d Cir. 2012). In exercising that discretion, a district court must first determine whether the facts asserted, viewed in the light most favorable to the prisoner, if proven, would entitle the prisoner to relief; if so, the district court then must consider whether an evidentiary

5

hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994), cited in Nickens v. U.S., Civil No. 09-4278, 2011 WL 4056287, *5 (D.N.J. Sept. 12, 2011). Thus, a district court may summarily deny a § 2255 motion, without a hearing, only where the "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See generally U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Here, as demonstrated below, the Petition and records of this case conclusively show that Petitioner is not entitled to relief; it is not necessary, therefore, to hold an evidentiary hearing.

B.  Second or Successive § 2255 Motion

As noted above, Petitioner has filed a previous motion for relief under § 2255. This Court may entertain a second or successive § 2255 motion only if a panel of the Court of Appeals for the Third Circuit has certified, as provided in 28 U.S.C. § 2244, that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

6

28 U.S.C. § 2255(h).  See also In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013); In re Olabode, 325 F.3d 166 (3d Cir. 2003). This Petition was submitted without any such certification. Accordingly, this Court lacks jurisdiction to consider it.[3]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that it is not in the interest of justice to transfer this Petition to the Court of Appeals as a request to file a second or successive § 2255 motion based on Alleyne. As noted by Respondent, the Supreme Court has not held that

---

[3] In United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) the Court of Appeals instructed district courts to warn § 2255 petitioners of the effect of their pleadings and to give them an opportunity to file one all-inclusive § 2255 petition within the one-year statutory period.  Such warning, the Miller court reasoned, was necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because the Petition here is, itself, "second or successive," no purpose would be served by a Miller notice.

Alleyne must be applied retroactively to cases on collateral review. See, e.g., In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, 721 F.3d 875 (7th Cir. 2013). In any event, Petitioner has failed to plead facts to suggest, contrary to the record in this matter, that her sentencing failed to conform to the standard set forth in Alleyne. Accordingly, this Petition will be dismissed for lack of jurisdiction, rather than transferred. Cf. Hatches v. Schultz, 381 F.App'x 134, 136-37 (3d Cir. 2010) (citing Robinson v. Johnson and affirming dismissal of second or successive habeas petition, where district court had "properly considered" whether petitioner had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255).

C. 18 U.S.C. § 3582

Petitioner has suggested that this Court should, in the alternative, consider her pleading a motion pursuant to 18 U.S.C. § 3582. Section 3582(c) permits modification of a term of imprisonment only under very narrow circumstances, including (a) upon motion of the Director of the Bureau of Prisons, for extraordinary and compelling reasons, and subject to several specific conditions not relevant here, (b) for any reason expressly permitted by statute or by Rule 35 of the Federal

Rules of Criminal Procedure,[4] and (c) where a sentencing range has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28 U.S.C. 994(o), subject to certain other conditions.  None of these circumstances is present here.  Accordingly, to the extent the Petition could be considered a § 3582(c) motion, it will be denied.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in U.S. v. Williams, No. 13-2976, 2013 WL 4615197, *2 (3d Cir. Aug. 30, 2013).

"When the district court denies a habeas petition on

---

[4] Rule 35 permits modification of a sentence to correct arithmetical, technical, or other clear error, or for substantial assistance in investigating or prosecuting another person.

9

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. U.S., Civil No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural rulings that the Petition is an unauthorized second or successive petition and that it would not be in the interest of justice to transfer the Petition to the Court of Appeals as a request for leave to file a second or successive petition. No certificate of appealability will issue.

### IV. CONCLUSION

For the reasons set forth above, the Petition shall be dismissed for lack of jurisdiction. An appropriate order follows.

/s/Dickinson R. Debevoise
Dickinson R. Debevoise
United States Senior District Judge

Dated: February 1, 2014